# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **JOSE MANUEL BAUTISTA-LOPEZ,** | :: | **MOTION TO VACATE** |
| **Movant,** | :: | **28 U.S.C. § 2255** |
| | :: | |
| v. | :: | **CRIMINAL ACTION NO.** |
| | :: | **1:11-CR-134-ODE-AJB** |
| **UNITED STATES OF AMERICA,** | :: | |
| **Respondent.** | :: | **CIVIL ACTION NO.** |
| | :: | **1:12-CV-916-ODE-AJB** |

## UNITED STATES MAGISTRATE JUDGE'S
## ORDER AND FINAL REPORT AND RECOMMENDATION

Movant is confined at the federal prison in Marianna, Florida. Movant, pro se, filed a motion under 28 U.S.C. § 2255 challenging his conviction and sentence in this case. [Doc. 18.][1] Respondent filed a brief opposing the motion, [Doc. 24], and Movant filed a reply, [Doc. 25]. For the reasons discussed below, the undersigned **RECOMMENDS** that the Court deny the motion and deny Movant a certificate of appealability.

## I. Background

The indictment in this case charged Movant, a citizen of Mexico, with unlawfully reentering the United States after having been deported, in violation of 8 U.S.C. §§

---

[1] Unless otherwise indicated, all citations to the record in this Report and Recommendation refer to case number 1:11-cr-134-ODE-AJB.

1326(a) and (b)(2). [Doc. 1.] Movant was deported in 2005 after he was convicted in the Superior Court of Gwinnett County, Georgia, for aggravated battery. [Doc. 21 at 13; Doc. 24-2.] After reentering the country, Movant was convicted in March 2010 in the Superior Court of Gwinnett County for cocaine trafficking. [Doc. 24-3.]

On May 10, 2011, Movant entered a non-negotiated guilty plea to the indictment. [Doc. 13.] On July 20, 2011, the Court sentenced Movant to forty-six months of imprisonment, three years of supervised release, and a special assessment. [Doc. 17.] In calculating the advisory imprisonment range under the U.S. Sentencing Guidelines (the "Guidelines"), the Court applied a sixteen-level enhancement under Guidelines § 2L1.2(b)(1)(A) because of Movant's prior criminal convictions and granted a three-level reduction for Movant's acceptance of responsibility.[2] [Doc. 18-1 at 2; Doc. 24 at 3-4.] Those adjustments resulted in an advisory imprisonment range of forty-six to fifty-seven months under the Guidelines. [*Id.*]; *see* Guidelines § 4A1.1 & ch. 5, pt. A.

Movant did not appeal his conviction or sentence. [Doc. 18 at 2-4.] Attorney

---

[2] The undersigned's references and citations to the Guidelines in this Report and Recommendation are to the Guidelines contained in the U.S. Sentencing Commission's 2010 Guidelines Manual, which was in effect at the time Movant was sentenced.

2

Allison C. Dawson represented Movant throughout the proceedings in this case. [*Id.* at 10-11.]

In his § 2255 motion, Movant asserts the following grounds for relief:

1. Movant is actually innocent of the crime of unlawfully reentering the U.S. because the underlying deportation was a "stipulated removal,"[3] which may not form the basis of a prosecution for unlawful reentry;

2. Movant's criminal history points in his Presentence Report ("PSR") incorrectly included his convictions derived from a "stipulated removal";

3. The Court determined that Movant previously had been deported and convicted based on documents not approved by *United States v. Shepard*, 544 U.S. 13 (2005), for use at sentencing; and

4. Dawson rendered ineffective assistance by failing to challenge: the indictment given the "stipulated removal," the use of non-*Shepard* approved documents, the sixteen-point Guidelines sentencing enhancement, and the improper use of non-qualifying convictions to calculate Movant's criminal history under the Guidelines.

[Doc. 18 at 4-8; Doc. 18-1.] Respondent argues that Movant procedurally defaulted his claims and that the claims fail on their merits. [Doc. 24.]

## II. The 28 U.S.C. § 2255 Standard

To obtain relief under § 2255, the movant must demonstrate that: (1) the sentence

---

[3] A "stipulated removal" is described in Part III.B., *infra*.

3

was imposed in violation of the Constitution or laws of the United States; (2) the Court was without jurisdiction to impose such a sentence; (3) the sentence exceeded the maximum sentence authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. A sentence is subject to collateral attack when there is a fundamental defect that results in a complete miscarriage of justice. *United States v. Addonizio*, 442 U.S. 178, 185 (1979). "To obtain collateral relief, a [movant] must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982).

"Generally, if a challenge to a conviction or sentence is not made on direct appeal, it will be procedurally barred in a [] § 2255 challenge" unless the movant shows "both cause for his default as well as demonstrating actual prejudice suffered as a result of the alleged error." *Black v. United States*, 373 F.3d 1140, 1142 (11th Cir. 2004). "[T]o show cause for procedural default, [a § 2255 movant] must show that some objective factor external to the defense prevented [him] . . . from raising his claims on direct appeal and that this factor cannot be fairly [attributed] to [his] own conduct." *Lynn v. United States*, 365 F.3d 1225, 1235 (11th Cir. 2004). "Actual prejudice" requires a movant to show that the alleged error "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Reece*

4

*v. United States*, 119 F.3d 1462, 1467 (11th Cir. 1997).

A court also may review a claim in a § 2255 motion that was not raised on appeal if "a constitutional violation has probably resulted in the conviction of one who is actually innocent" and thus would result in a fundamental miscarriage of justice absent review. *Lynn*, 365 F.3d at 1234-35 (quotation marks omitted). "Actual innocence means factual innocence, not mere legal innocence." *Id.* at 1235 n.18 (quotation marks omitted).

**III. Analysis**

An evidentiary hearing is not warranted if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *Fontaine v. United States*, 411 U.S. 213, 215 (1973). As discussed below, the record in this case conclusively demonstrates that Movant's claims lack merit and that he is not entitled to relief under § 2255.

    A.    <u>Movant Procedurally Defaulted Most Of His Claims</u>

It is undisputed that Movant filed no appeal of his conviction or sentence in this case. Thus, with the exception of his claims of ineffective assistance of counsel, Movant procedurally defaulted the claims in his § 2255 motion. *See Black*, 373 F.3d at 1142; *Massaro v. United States*, 538 U.S. 500, 509 (2003) ("We [] hold that failure

5

to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255"). Movant has not demonstrated the default should be excused.

Movant claims that he is actually innocent of the unlawful reentry to which he pled guilty, but that claim is based on a legal, not a factual, argument. [Doc. 18 at 4; Doc. 18-1 at 2-3.] Movant argues that he is actually innocent because his deportation that was the basis of the prosecution for reentry was a "stipulated removal" that cannot serve as the basis for such a prosecution. [*Id.*] In other words, Movant asserts legal innocence, rather than factual innocence. As noted in Part II, above, only factual innocence may excuse a procedural default. *See Lynn*, 365 F.3d at 1234-35 & n.18; *see also McKay v. United States*, 657 F.3d 1190, 1198-99 (11th Cir. 2011) (holding that § 2255 movant's procedural default was not excused by claim of legal innocence of sentence as a career offender).

To the extent Movant argues that his procedural default should be excused because of Dawson's alleged ineffectiveness, i.e., that Dawson's ineffective assistance was the "cause" for his default, his argument fails.[4] Counsel's failure to preserve a

---

[4] The District Court advised Movant when he pled guilty that he had the right to appeal. [Doc. 21 at 14-15.] Movant does not contend that anything, including Dawson, prevented him from filing an appeal. Indeed, he does not contend that he

6

AO 72A (Rev.8/82)

claim for review on appeal may constitute cause for a procedural default, but "[n]ot just any deficiency in counsel's performance will do[.] . . . [T]he assistance must have been so ineffective as to violate the Federal Constitution." *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). "In other words, ineffective assistance adequate to establish cause for the procedural default of some other constitutional claim is itself an independent constitutional claim." *Id.* As explained in Part III.B., below, Movant has not shown that Dawson rendered ineffective assistance in violation of his constitutional rights.

B.  Movant Has Not Shown Ineffective Assistance Of Counsel

To establish ineffective assistance of counsel, a § 2255 movant must show that his counsel's performance was deficient such that it was below objectively reasonable standards, and that the deficient performance prejudiced the movant. *Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984). As for the first prong of the test, a court should be "highly deferential" in scrutinizing counsel's performance, *id.* at 689, and "must indulge the strong presumption that counsel's performance was reasonable and

---

wanted to appeal or that he instructed Dawson to appeal. Movant's § 2255 filings nevertheless may be construed as asserting that Dawson failed to preserve for appeal the errors alleged in the § 2255 motion and that such failure caused Movant to default his claims.

7

that counsel made all significant decisions in the exercise of reasonable professional judgment," *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc). To establish deficient performance, a movant must establish that no objectively competent lawyer would have taken the action that his lawyer took. *Id.* at 1315.

Under the second prong of the test, a court determines whether counsel's challenged acts or omissions prejudiced the movant, i.e., whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* A court need not address both prongs of *Strickland*'s test if the movant "makes an insufficient showing on one." *Id.* at 697.

Movant has not overcome the strong presumption that Dawson's performance was reasonable and has not shown that her failure to raise the claims he asserts in his § 2255 motion was constitutionally deficient performance. As explained below, the issues that Movant contends Dawson should have raised regarding his indictment and sentencing lack merit. Thus, it was reasonable for Dawson not to raise those issues. Movant also has not shown that he was prejudiced by Dawson's actions.

There is no merit to Movant's claim that his prosecution was improperly based

8

AO 72A
(Rev.8/82)

on a "stipulated removal" for several reasons. First, Movant has produced no evidence that his removal from the country in 2005 was stipulated. The evidence Respondent has produced indicates that it was not. [*See* Doc. 24-1.] An illegal alien may admit that he is an illegal alien subject to removal by executing a "Stipulated Request for Issuance of Final Order of Removal and Waiver of Appearance and Hearing" form. *See United States v. Hernandez*, No. 3:08-CR-30004-JLH, 2010 WL 3168437, at *6 (W.D. Ark. July 23, 2010). There is no evidence that Movant executed such a form, or any written stipulation. The order removing Movant states that the removal was based on "the allegations" by immigration officials "and evidence contained in the administrative record," and the official who entered the order made "findings of fact and conclusions of law." [Doc. 24-1 at 3.] That language demonstrates that the removal was not based on any stipulation by Movant.

Second, even if Movant had stipulated to his removal, he has provided no authority supporting his proposition that a stipulated removal cannot, under any circumstances, serve as the basis for a subsequent prosecution under 8 U.S.C. § 1326. Not only has the Court found no such authority, federal courts have rejected such claims. *See United States v. Barajas-Alvarado*, 655 F.3d 1077, 1085 (9th Cir. 2011) (rejecting argument "because we cannot ignore Congress's clear intent to impose

9

substantial penalties on aliens who return to the United States without permission following removal, regardless of whether the removal was accomplished through an expedited procedure or through more formal proceedings"); *United States v. Lopez-Vasquez*, 227 F.3d 476, 485 (5th Cir. 2000) ("Because he cannot show that his [expedited] removal proceeding was fundamentally unfair, Lopez-Vasquez's June 1998 removal order may permissibly serve as a basis for his conviction under 8 U.S.C. § 1326."). Movant cites only *United States v. Mendoza-Lopez*, 481 U.S. 828 (1987), but that case does not support Movant's proposition in the least. In *Mendoza-Lopez*, the Supreme Court confronted the issue of "whether an alien who is prosecuted under 8 U.S.C. § 1326 for illegal entry following deportation may assert in that criminal proceeding the invalidity of the underlying deportation order." *Mendoza-Lopez*, 481 U.S. at 830. The Supreme Court answered that question affirmatively, holding that "a collateral challenge to the use of a deportation proceeding as an element of a criminal offense must be permitted where the deportation proceeding effectively eliminates the right of the alien to obtain judicial review," i.e., where the proceeding violated the defendant's constitutional right to due process. *Id.* at 839. Thus, a deportation order, whether stipulated or not, is invalid only if it violates due process.

Movant has not shown that his removal violated his due process rights. That is

AO 72A
(Rev.8/82)

the third reason his claim lacks merit. Movant's removal was invalid only if he demonstrated that: (1) he exhausted available administrative remedies for seeking relief from the removal order; (2) the proceeding at which the removal order was issued improperly deprived him of an opportunity for judicial review; and (3) the removal order's entry was fundamentally unfair. *See* 8 U.S.C. § 1326(d); *United States v. Zelaya*, 293 F.3d 1294, 1297 (11th Cir. 2002). Movant has not even attempted to show that his removal proceedings violated his right to due process or that Dawson had any reason to suspect that the removal was invalid. He instead argues only that stipulated removals – which his removal was not according to the evidence – categorically violate the removed alien's due process rights. His challenge to his prosecution on this basis lacks merit, and Dawson therefore was not deficient for not asserting it.

Movant's claim that the Court improperly increased his advisory imprisonment range under the Guidelines based on non-qualifying prior convictions also lacks merit. Under the Guidelines, the base offense level for a person convicted of unlawfully reentering the U.S. is increased sixteen levels if that person previously was deported after a felony conviction for, among other things, "a drug trafficking offense for which the sentence imposed exceeded 13 months" or "a crime of violence." Guidelines § 2L1.1(b)(1)(A). A "crime of violence" includes any "offense under federal, state, or

11

local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.*, Appl. Note 1(B)(iii). A defendant's criminal history category under the Guidelines is increased "for each prior sentence of imprisonment exceeding one year and one month." Guidelines § 4A1.1(a).

Movant's prior convictions qualified for the sixteen-level enhancement to his base offense level and for calculation of his criminal history category under the Guidelines. The undisputed evidence shows that Movant, before he was deported in 2005, was convicted of aggravated battery in violation of O.C.G.A. § 16-5-24, a felony, and sentenced to over ten years' imprisonment for that crime. [Doc. 24-2]; *see* O.C.G.A. § 16-5-24(b). Movant's conviction was based on his striking another person in the jaw with an object, "thereby breaking his jaw." [Doc. 24-2 at 1, 5.] That conviction qualified as a "crime of violence" under the Guidelines, and Movant was sentenced to more than thirteen months in prison for it. [*Id.*]; *see* Guidelines § 2L1.1(b)(1)(A), Appl. Note 1(B)(iii); *United States v. Llanos-Agostadero*, 486 F.3d 1194, 1197 (11th Cir. 2007) (aggravated battery conviction under Florida law was crime of violence); *see also United States v. Basulto-Reina*, 421 Fed. Appx. 349, 351-52 (5th Cir. Apr. 5, 2011) (noting that conviction under O.C.G.A. § 16-5-24(a) for aggravated battery was a crime of violence justifying sixteen-level increase under

12

AO 72A
(Rev.8/8
2)

U.S.S.G. § 2L1.2(b)(1)(A)).

Movant's conviction for cocaine trafficking in violation of O.C.G.A. § 16-13-31(a) also qualified as a prior felony conviction. Movant was sentenced to fifteen months' imprisonment for that crime, and his claim that the conviction cannot serve as a predicate because he only possessed the cocaine has been rejected. *See United States v. Madera-Madera*, 333 F.3d 1228, 1231-34 (11th Cir. 2003) (holding in case involving unlawful reentry into the U.S. that the defendant's conviction under O.C.G.A. § 16-13-31 was a drug trafficking offense under the Guidelines even if the defendant only possessed the drugs). Because there was no basis to argue that Movant's prior convictions did not qualify for a sentencing enhancement under the offense and criminal history provisions of the Guidelines, Dawson was not deficient for not making such arguments.

Movant's final claim is that Dawson should have objected to the Court's failure to use *Shepard*-approved documents to establish his deportation and prior convictions. In *Shepard*, the Supreme Court held that a federal sentencing court's determination of whether a defendant's guilty plea to a state crime qualified as a predicate conviction under the Armed Career Criminal Act was "limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and

13

defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *Shepard*, 544 U.S. at 26. Sentencing courts "may also rely on facts contained in a presentence investigation report (PSR), so long as those facts are undisputed." *United States v. Rosales-Bruno*, 676 F.3d 1017, 1018 (11th Cir. 2012); *see United States v. Beckles*, 565 F.3d 832, 843 (11th Cir. 2009) ("For purposes of sentencing, the district court also may base its factual findings on undisputed statements found in the PS[R], because they are factual findings to which the defendant has assented.").

Movant did not dispute any of the facts in his PSR, which included details regarding his 2005 deportation and his criminal convictions in 2005 and 2010. [PSR Pts. A & B (describing indictments and other judicial records regarding state convictions and immigration records regarding deportation).] Those details were taken from the documents underlying the deportation and convictions, which as discussed above, sufficiently demonstrated that Movant had been deported and that his prior convictions qualified as predicate offenses under the Guidelines for sentencing purposes.[5] [*See id.*] Even if the Court did not personally review those underlying

---

[5] Movant, himself, admitted to the deportation under oath when he pleaded guilty. [Doc. 21 at 10, 13-14.]

14

documents, it was entitled to rely on the PSR because Movant did not object to it. *See Rosales-Bruno*, 676 F.3d at 1018.

And more importantly, the issue is not whether the Court reviewed or relied on appropriate documents (because Movant procedurally defaulted any such claim), but whether it was objectively unreasonable for Dawson not to object to the PSR and challenge the basis for the Court's findings. Dawson's decision not to assert such a challenge was reasonable given that the underlying documents, which are now in the record, are *Shepard*-approved documents that would have sufficed if Dawson had objected to the PSR. [*See* Docs. 24-1, 24-2, 24-3.] That also means that Movant was not prejudiced by Dawson's decision not to object to the facts in the PSR. Any such objection would have failed, as the *Shepard*-approved documents make clear. [*See id.*]; *see also Gonzalez v. United States*, No. 8:07-cr-134-T-17EAJ, 2012 WL 279451, at *9-11 (M.D. Fla. Jan. 31, 2012) (rejecting claim that defense counsel was ineffective "for failing to object to . . . the government's failure to produce *Shepard*-type documents" because § 2255 movant "has not shown that his sentence or guidelines calculation would have been different had his counsel done anything differently"); *United States v. Alexander*, No. 4:05-CR-034-SPM, 2007 WL 4218988, at *3 (N.D. Fla. Nov. 27, 2007) ("[W]hile . . . Defendant charges that counsel was ineffective for not

15

AO 72A
(Rev.8/82)

securing additional information beyond that stated in the PSR to advise the Court of the underlying facts of the convictions, he does not even now contest the summary of the offenses in the PSR or offer anything to refute the pertinent paragraphs.").

In sum, Movant has not satisfied his "heavy" burden of overcoming the "strong presumption" that it was objectively reasonable for Dawson not to raise the claims Movant has made in his § 2255 motion. *See Chandler*, 218 F.3d at 1314. His ineffective assistance claim therefore fails. He is not entitled to relief under § 2255 on that claim, and it cannot serve as a basis to excuse his procedural default of his other claims. *See supra* Part III.A.

### IV. Certificate of Appealability ("COA")

A § 2255 movant may not appeal the denial of his § 2255 motion "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). Rule 11 of the Rules Governing § 2255 Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate

16

whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v . McDaniel*, 529 U.S. 473, 483-84 (2000) (citations and quotation marks omitted).

A COA is not warranted in this case. The resolution of the grounds for relief in Movant's § 2255 motion is not reasonably debatable among jurists of reason. Accordingly, Movant has not made a substantial showing of the denial of a constitutional right and should be denied a COA.

## V. Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Movant's motion to vacate sentence [18] be **DENIED** and that Movant be **DENIED** a certificate of appealability. **IT IS FURTHER RECOMMENDED** that civil action number 1:12-cv-916-ODE-AJB be **DISMISSED**. The Clerk is **DIRECTED** to terminate the reference to the undersigned.

**IT IS SO ORDERED and RECOMMENDED**, this 26th day of July, 2012.

**ALAN J. BAVERMAN**
**UNITED STATES MAGISTRATE JUDGE**

AO 72A
(Rev.8/82)